# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| STACEY RYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-cv-00039-SLC |
| | ) |
| GOLDSHIELD FIBERGLASS, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

*Pro se* Plaintiff Stacey Ryan is advancing discrimination and retaliation claims against her former employer, Defendant Goldshield Fiberglass, Inc. ("Goldshield"). (DE 4). Due to Ryan's disregard for this Court's Orders and apparent disinterest in pursuing her claims, this case will be DISMISSED as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute under Rule 41(b).

### I. FACTUAL AND PROCEDURAL BACKGROUND

Ryan, who was represented by counsel at the time, filed this lawsuit against Goldshield in Adams Circuit Court on December 22, 2015, alleging claims of discrimination and retaliation as a result of Goldshield's termination of her employment.[1] (DE 4). Goldshield subsequently removed the case here. (DE 1).

On January 6, 2016, Goldshield filed a motion to dismiss Ryan's suit for failure to state a claim pursuant to Rule 12(b)(6). (DE 6). The Court held a preliminary pretrial conference on March 15, 2016, setting a discovery deadline of September 15, 2016. (DE 16). On March 30,

---

[1] Federal question jurisdiction exists under 28 U.S.C. § 1331. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (DE 15).

2016, the parties filed a stipulation to dismiss Ryan's claims under the ADEA and 42 U.S.C. § 1983. (DE 20). On May 9, 2016, the Court granted in part and denied in part Goldshield's motion to dismiss, leaving Ryan's Title VII claims for gender discrimination and retaliation as the only surviving claims. (DE 21).

On July 8, 2016, Ryan's counsel filed a motion to withdraw for the reasons that Ryan: (1) had failed to inform him of her current mailing address and telephone number; (2) had missed deadlines; (3) had failed to call or show for appointments; and (4) had an invalid telephone number. (DE 23). The Court set a hearing on the motion for July 27, 2016, directing Ryan and her counsel to appear in person. (DE 24).

Ryan's counsel appeared at the July 27th hearing, but Ryan failed to appear. (DE 27). The Court issued a Notice and Order setting the matter over for a show cause hearing and a hearing on the motion to withdraw on August 29, 2016. (DE 28). The Court directed Ryan to appear in person at the hearing and show cause why she should not be sanctioned under Rule 16(f)(1) for her failure to appear at the July 27th hearing. (DE 28). Ryan was advised that if she failed to appear at the August 29th hearing, additional sanctions may issue, up to and including dismissal of her lawsuit. (DE 28).

On August 29, 2016, Ryan's counsel appeared at the hearing, but Ryan again failed to appear. (DE 30). The Court granted the motion to withdraw and set a show cause hearing for September 22, 2016. (DE 31). The Court issued a Notice and Order, directing Ryan to appear in person to show cause why she should not be sanctioned for twice failing to appear.[2] (DE 31).

---

[2] The Court's three Notice and Orders were all subsequently returned, the envelopes indicating that Ryan had moved and left no forwarding address. (DE 25; DE 29; DE 35).

Ryan was also ordered to file a written statement with the Court no later than September 19, 2016, stating why she should not be sanctioned under Rule 16(f)(1) for twice failing to appear. (DE 31). Ryan was again warned that her failure to appear in person for the September 22nd hearing, failure to file the written statement, or failure to show cause may result in dismissal of her case. (DE 31).

Ryan failed to file a written statement by September 19, 2016, and failed to appear at the hearing on September 22, 2016. (DE 33). On September 26, 2016, this Court issued Ryan a Final Notice and Order, giving her one last chance to file a written statement to show cause why this case should not be dismissed; the statement was due on or before October 26, 2016. (DE 34). Ryan was warned that her case would be dismissed if she failed to file the written statement by October 26, 2016. (DE 34). That date has now come and gone, and Ryan has not filed the written statement.

## II. DISCUSSION

Rule 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the court to dismiss an action, in whole or part, as a sanction. The "ultimate sanction" of dismissal "is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Aside from sanctions, a district court also has authority under Rule 41(b) to dismiss a case *sua sponte* for lack of prosecution. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th

3

Cir. 2005). Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (citations omitted); *see Galvez v. Veltri*, No. 05-CV-68 DRH, 2006 WL 1989801, at *2 (S.D. Ill. July 13, 2006) (dismissing case for want of prosecution where the plaintiff failed to keep the court apprised of his current mailing address).

Here, despite this Court's Orders requiring her presence, Ryan failed to appear at three hearings and never offered any explanation for her absences; she also failed to file the requested written statements to show cause. This suggests at least fault, if not some willfulness, on Ryan's part, resulting in a clear record of delay. Furthermore, a court may infer a lack of prosecutorial intent from, among other factors, the failure to appear at a scheduling conference. *GCIU Emp'r Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993).

Additionally, Ryan's failure to appear at the hearings, by itself, is sanctionable under Rule 16(f)(1)(A) with dismissal, a sanction that the Court explicitly warned her may be imposed in its Notice and Orders setting the August 29th and September 22nd hearings, and explicitly warned her *would* be imposed in the Final Notice and Order. Thus, after she failed to appear at the July 27th hearing, the Court gave Ryan three additional opportunities to show cause for her failure to appear, affirmatively informing her of the sanction of dismissal in the event she failed to do so.

As such, the Court not only warned Ryan of the possibility of dismissal three times, but also gave her the chance to show cause—an opportunity she apparently declined to take—all of which suggests that dismissal is appropriate in this case. *See Sharif v. Wellness Int'l Network,*

4

*Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." (citations omitted)); *Zimmerman v. Earthworks, Inc.*, No. 08-cv-0367, 2008 WL 5481124, at *1 (S.D. Ill. Dec. 18, 2008) (dismissing part of a case when plaintiff "had ample and explicit warning, including a rule to show cause, that failure to prosecute would result in dismissal of this case").

Accordingly, in the interests of judicial economy, and given Ryan's repeated failure to comply with the Court's Orders and apparent disinterest in pursuing her claims, dismissal of this case as both a sanction and for failure to prosecute is appropriate.

### III.  CONCLUSION

For the foregoing reasons, this case is DISMISSED with prejudice. The Clerk is directed to send a copy of this Opinion and Order to Ryan at her last known address, c/o 3601 Norland Lane, New Haven, IN  46774.

SO ORDERED.

Entered this 17th day of November 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge